UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROSELEE BARTOLACCI, by and through its successor in interest, ROSEANN BARTOLACCI,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; KELLY MARTINEZ; RICARDO CARLON; PAUL MATA; EVANGELINA REYNOSO; LAUREN ANDERSON; MACY GERMONO; JANINE SPARKS; DAVID CHRISTENSEN, M.D.; SHERRY ESQUIVEL; TERESA HURLEY; LACEY BEASTON; DIORELLA RIOVEROS; NAPHCARE CORRECTIONAL HEALTH; and DOES 1–55,<br><br>                    Defendants. | Case No.: 24-cv-1156-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File First Amended Complaint (ECF No. 51) filed by Plaintiff the Estate of Roselee Bartolacci by and through its successor in interest, Roseann Bartolacci ("Plaintiff").

## I. PROCEDURAL BACKGROUND

On July 3, 2024, Plaintiff initiated this action by filing a Complaint against Defendants the County of San Diego (the "County"), Ricardo Carlon ("Carlon"), Sherry Esquivel ("Esquivel"), Macy Germono ("Germono"), Kelly Martinez ("Martinez"), Paul Mata ("Mata"), Evangelina Reynoso ("Reynoso"), Diorella Rioveros ("Rioveros"), Janine Sparks ("Sparks"), Teresa Hurley ("Hurley"), Lacey Beaston ("Beaston"), David Christensen, M.D. ("Christensen"), Lauren Anderson ("Anderson"), NaphCare of San Diego, LLC, erroneously sued as NaphCare Correctional Health ("NaphCare"), and Does 1–55 (collectively, "Defendants"). (Complaint, ECF No. 1.)

On August 30, 2024, Defendants the County, Carlon, Esquivel, Germono, Martinez, Mata, Reynoso, Rioveros, and Sparks (collectively, the "County Defendants") filed the pending Motion to Dismiss Plaintiff's Complaint (the "County's Motion to Dismiss"). (ECF No. 18.) On September 30, 2024, Plaintiff filed a Response to the County's Motion to Dismiss. (ECF No. 30.) On October 7, 2024, the County Defendants filed a Reply. (ECF No. 33.)

On August 30, 2024, Defendants NaphCare and Anderson filed the pending Motion to Dismiss Portions of Plaintiff's Complaint ("NaphCare's and Anderson's Motion to Dismiss"). (ECF No. 19.) On September 30, 2024, Plaintiff filed a Response to NaphCare's and Anderson's Motion to Dismiss. (ECF No. 29.) On October 7, 2024, NaphCare and Anderson filed a Reply. (ECF No. 32.)

On September 3, 2024, Defendants Hurley and Beaston filed the pending Motion to Dismiss Plaintiff's Complaint ("Hurley's and Beaston's Motion to Dismiss"). (ECF No. 24.) On October 1, 2024, Plaintiff filed a Response to Hurley's and Beaston's Motion to Dismiss. (ECF No. 31.) On October 8, 2024, Hurley and Beaston filed a Reply. (ECF No. 35.)

On November 20, 2024, Defendant Christensen filed the pending Motion to Dismiss Plaintiff's Complaint ("Christensen's Motion to Dismiss"). (ECF No. 42.) On December 16, 2024, Plaintiff filed a Response to Christensen's Motion to Dismiss. (ECF No. 43.) On December 23, 2024, Christensen filed a Reply. (ECF No. 45.)

On April 30, 2025, Plaintiff filed the pending Motion for Leave to File First Amended Complaint ("FAC") (the "Motion to Amend") (ECF No. 51), seeking to identify thirty-three Doe Defendants and to add Correctional Healthcare Partners ("CHP") as a defendant.

On May 15, 2025, Defendants Naphcare and Anderson filed a Statement of Non-Opposition to Plaintiff's Motion to Amend. (ECF No. 52.)

On May 19, 2025, the County Defendants filed a Response in Opposition to Plaintiff's Motion to Amend. (ECF No. 53.) The same day, Defendants Beaston, Christensen, and Hurley (the "CHP Defendants") separately filed a Response in Opposition to Plaintiff's Motion to Amend. (ECF No. 54.) On May 23, 2025, Plaintiff filed a Reply in support of the Motion to Amend addressing the responses filed by the County and CHP Defendants. (ECF No. 55.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it

is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

### III.   DISCUSSION

The County Defendants contend that Plaintiff's Motion to Amend should be denied because the proposed amendments are presumptively futile and cause significant prejudice by unduly delaying the litigation. (ECF No. 53 at 2.) Specifically, they contend that adding thirty-three new defendants would substantially expand discovery and impose an undue burden, requiring them to prepare for and defend an unmanageable number of depositions or seek relief from the deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A)(i). *Id*. at 5. Similarly, the CHP Defendants oppose the Motion to Amend, contending that the proposed amendments are futile, and that Plaintiff unduly delayed in seeking leave without providing a justification for the delay. (ECF No. 54 at 2.)

Plaintiff contends that granting leave to amend the Complaint would neither prejudice Defendants nor cause undue delay. (ECF No. 55 at 2.) With respect to futility, Plaintiff contends that the pending motions to dismiss do not render the proposed amendment futile because "[t]he Court has not ruled on [Defendants'] motions to dismiss, and Defendants should not presume that any amendments that do not fully address their arguments will fail to state a claim." *Id*.

As an initial matter, the Court considers the timeliness of Plaintiff's Motion to Amend. The CHP Defendants contend that a "considerable [amount of] time has elapsed between the filing of the complaint and the motion to amend" and that Plaintiff must provide a valid explanation for this delay. (ECF No. 54 at 4.) "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d

1385, 1388 (9th Cir. 1990); *see also Pruco Life Ins. Co. v Cal. Energy Dev., Inc.*, No. 18CV2280 DMS (AHG), 2020 WL 8483991, at *4–5 (S.D. Cal. Apr. 7, 2020) (finding undue delay where plaintiff failed to explain when they became aware of the facts underlying the proposed amendment or why those facts could not have been discovered earlier).

Plaintiff filed the Complaint on July 3, 2024, naming fifty-five Doe Defendants. (ECF No. 1.) On November 11, 2024, Plaintiff filed an *Ex Parte* Motion for Leave to Conduct Limited Early Discovery to Ascertain "Doe" Defendants' Identities. (ECF No. 39.) On January 7, 2025, Magistrate Judge Jill L. Burkhardt partially granted that Motion, permitting Plaintiff to serve early interrogatories to determine the identities of the Doe Defendants. (*See generally* ECF No. 46.) In response, the County provided initial answers to Plaintiff's interrogatories on February 12, 2025, and supplemental responses on March 14, 2025. (*See* ECF No. 55 at 4.) Less than two months later, on April 30, 2025, Plaintiff filed the Motion to Amend, seeking to identify thirty-three Doe Defendants by name and to add CHP as a defendant. (*See generally* ECF No. 51.)

Plaintiff acknowledges that CHP's identification as an additional defendant did not result directly from the limited discovery authorized by the Court, however, she explains that she chose to amend the complaint only once—to add CHP and to identify the Doe Defendants. (ECF No. 55 at 4–5.) Plaintiff further contends that this amendment does not prejudice the CHP Defendants, since merits discovery has not yet begun, and CHP had constructive notice of the litigation from the start, given that three of its employees were named in the original complaint. *Id.*

The Court finds that, although the limited discovery was not necessary to identify CHP as a defendant, Plaintiff's decision to wait to amend only once does not unduly prejudice the CHP Defendants and is therefore timely. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (explaining that prejudice sufficient to deny amendment must be so substantial that it "would [ ] greatly alter[ ] the nature of

the litigation" and require "defendants to [ ] undertake[ ], at a late hour, an entirely new course of defense").

The County Defendants additionally contend that granting Plaintiff leave to amend would result in undue prejudice for two primary reasons: (1) the filing of an FAC would moot the pending motions to dismiss, thereby rendering the time and resources expended in briefing those motions futile; and (2) "allowing Plaintiff to add [thirty-three] individual defendants to a case already involving [fourteen] defendants would significantly expand discovery and unnecessarily delay the proceedings, prejudicing the existing defendants." (ECF No. 53 at 3–5.) As previously noted, "the consideration of prejudice to the opposing party [ ] carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. Moreover, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

First, the County Defendants' contention that granting leave to amend would be prejudicial solely because it would moot the pending motions to dismiss (ECF Nos. 18, 19, 24, 42) lacks merit. Although the amendment would render the existing motions moot, this procedural consequence does not constitute prejudice, particularly where, as here, the County Defendants remain entitled to renew the substantive arguments raised in those motions in response to the FAC. *See Shaughnessy v. LVNV Funding, LLC*, No. 20-CV-1809-DMS-WVG, 2020 WL 7642403, at *2 (S.D. Cal. Dec. 23, 2020) (finding no prejudice where the only consequence of amendment was mooting a pending motion).

Second, the Court recognizes that adding thirty-three newly identified Doe Defendants and CHP may cause the number of depositions needed to exceed the presumptive limit of ten depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i). *See* Fed. R. Civ. P. 30(a). Nevertheless, the mere possibility that the County Defendants may need to seek leave of court for additional depositions does not constitute a "strong showing" of prejudice. Courts routinely grant such leave when the proposed depositions fall within the permissible scope of discovery under Federal Rule of Civil

1  Procedure 26(b)(1). *See Pax Water Techs., Inc. v. Medora Corp.*, No. 18-9143-JAK
2  (AGRx), 2019 WL 8301182, at *1–2 (C.D. Cal. July 9, 2019).

3      Accordingly, the burden cited by the County Defendants does not rise to the level of
4  prejudice, particularly given that the case remains in its early stages and discovery beyond
5  the limited discovery to identify the Doe Defendants has yet to be conducted. *Morongo*
6  *Band of Mission Indians*, 893 F.2d at 1079 (9th Cir. 1990) (noting that prejudice must be
7  so substantial that the amendment "would [ ] greatly alter[ ] the nature of the litigation"
8  and require "defendants to [ ] undertake[ ], at a late hour, an entirely new course of
9  defense").

10      As to the futility argument raised by both the County and CHP Defendants, the Court
11  declines to consider the merits of the proposed FAC at this stage. Instead, consistent with
12  well-established precedent, the Court will defer consideration of any substantive challenge
13  to the proposed FAC until after leave to amend is granted and the amended pleading is
14  filed. *See, e.g.*, *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied
15  upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity
16  to test his claim on the merits."); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d
17  787, 790 (9th Cir. 1963) (stating that "the sufficiency of an amended pleading ordinarily
18  will not be considered on a motion for leave to amend"); *Velasco v. SEI Pharma, Inc.*, No.
19  12cv1060-WQH-MDD, 2013 WL 310336, at *2 (S.D. Cal. Jan. 25, 2013) (collecting cases
20  for the proposition that denial of leave to amend on futility grounds is rare, and that
21  consideration of challenges to the merits of a proposed amended pleading are ordinarily
22  deferred until after that pleading is filed).

23      Accordingly, the Court grants Plaintiff's Motion to Amend (ECF No. 51).

24  **IV.  CONCLUSION**

25      IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 51) is granted.
26  Plaintiff shall file the proposed FAC (ECF No. 51-2) within ten (10) days of the entry of
27  this Order. Once filed, Defendants shall file a response to the FAC within twenty-one (21)
28  days.

1  IT IS FURTHER ORDERED that the pending Motions to Dismiss (ECF Nos. 18,
2  19, 24, 42) are denied as moot because they address a pleading which will be superseded
3  by the FAC.

Dated: July 31, 2025

                                           Hon. William Q. Hayes
                                           United States District Court