UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROSELEE BARTOLACCI, by and through its successor in interest, ROSEANN BARTOLACCI,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>    Defendants. | Case No.: 24-cv-1156-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

    On July 31, 2025, Plaintiff the Estate of Roselee Bartolacci by and through its successor in interest, Roseann Bartolacci ("Plaintiff") filed the First Amended Complaint ("FAC"), which names forty-seven (47) Defendants. (ECF No. 57.) The FAC added Correctional Healthcare Partners ("CHP") as a Defendant, as well as thirty-two (32) new Defendants alleged to be employed by Defendant County of San Diego ("New County Defendants"). *Id.*

    On August 14, 2025, the CHP Defendants filed a Motion to Dismiss the FAC. (ECF No. 60.) On August 21, 2025, the NaphCare Defendants filed a Motion to Dismiss Portions

of Plaintiff's FAC. (ECF No. 62.) The same day, the County Defendants filed a Motion to Dismiss the FAC. (ECF No. 63.) On October 17, 2025, Plaintiff filed a Motion to Strike the County Defendants' Motion to Dismiss ("Motion to Strike") (ECF No. 63). (ECF No. 90.)

On October 16, 2025, Plaintiff filed an Ex Parte Motion for Extension of Time to Effect Service. (ECF No. 89.) On October 27, 2025, the Court issued an Order extending Plaintiff's deadline to serve the New County Defendants until December 28, 2025. (ECF No. 93.)

On October 31, 2025, Plaintiff filed the pending Ex Parte Motion for Issuance of Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(2) ("Ex Parte Motion"), requesting that the Court issue a scheduling order to commence discovery. (ECF No. 94.) On November 3, 2025, the County Defendants filed an Opposition to Plaintiff's Ex Parte Motion. (ECF No. 98.) On November 4, 2025, the NaphCare Defendants filed an Opposition to Plaintiff's Ex Parte Motion. (ECF No. 99.) The same day, the CHP Defendants filed a Notice of Joinder, seeking to join the County Defendants' Opposition to Plaintiff's Ex Parte Motion (ECF No. 98). (ECF No. 100.)

Federal Rule of Civil Procedure 16(b)(2) states: "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

Here, four substantive motions remain pending: the CHP Defendants' Motion to Dismiss the FAC (ECF No. 60), the NaphCare Defendants' Motion to Dismiss Portions of Plaintiff's FAC (ECF No. 62), the County Defendants' Motion to Dismiss the FAC (ECF No. 63), and Plaintiff's Motion to Strike (ECF No. 90). Additionally, Plaintiff still needs to serve twenty-six (26) of the New County Defendants and has until December 28, 2025 to do so. (ECF No. 98 at 4; ECF No. 93 at 2.) Given the pending motions and the fact that Plaintiff requested an extension to serve many of the Defendants, the Court finds good cause for delay in issuing a scheduling order. *See* Fed. R. Civ. P. 16(b)(2).

     IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Issuance of Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(2) (ECF No. 94) is denied.

Dated: November 6, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court