UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ROSELEE BARTOLACCI, by and through its successor in interest, ROSEANN BARTOLACCI,<br>Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, *et al.*,<br>Defendants. | Case No.: 24-cv-1156-WQH-JLB<br>**ORDER** |

HAYES, Judge:

Before the Court is the Motion for Good Faith Settlement Determination (ECF No. 193) brought by Defendants Teresa Hurley, Lacey Beaston, David Christensen, M.D., and Correctional Healthcare Partners, Inc. (collectively "CHP Defendants").

Cal. Civ. Proc. Code § 877.6(a)(1) provides that "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." A determination of good faith "shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative

negligence or comparative fault." Cal. Civ.Proc. Code § 877.6(c). "[T]he party asserting a lack of good faith has the burden of proof on that issue." Cal. Civ. Proc. Code § 877.6. Pursuant to the moving parties' requests, the court may either determine only the good faith of the settlement or determine good faith and concomitantly dismiss the settled claims. *Compare Rutgard v. Haynes*, 61 F. Supp. 2d 1082, 1085 (S.D. Cal. 1999) ("Even though this Court finds that Defendant did enter the settlement in good faith, this alone does not dispose of any or all of Plaintiff's claims."); *Spitzer v. Aljoe*, No. 13-CV-05442-MEJ, 2015 WL 6828133, at *4 (N.D. Cal. Nov. 6, 2015) (ordering parties to file a stipulation for dismissal after determination of good faith settlement), *with Boone v. City of Los Angeles*, No. CV 09-1894-GW(CWX), 2009 WL 10698903, at *2 (C.D. Cal. Aug. 13, 2009) (granting concomitant motions to determine good faith settlement and to dismiss settled claims).

The California Supreme Court in *Tech–Bilt, Inc. v. Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 499 (1985) set out a number of factors for courts to consider in a determination of good faith. *See also Childs v. San Diego Fam. Hous.*, LLC, No. 3:19-CV-2329-JM-SBC, 2023 WL 12007133, at *4 (S.D. Cal. Oct. 27, 2023) (applying, as a matter of federal common law, California good faith settlement bar principles to federal claims). However,

> [t]he California Court of Appeal has held that it is incumbent upon the court deciding the motion for good faith settlement to consider and weigh the *Tech–Bilt* factors only when the good faith nature of a settlement is disputed. "That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient."

*Minnesota Life Ins. Co. v. Philpot*, No. 11CV00812 BTM POR, 2013 WL 4499114, at *2 (S.D. Cal. Aug. 19, 2013) (quoting *City of Grand Terrace v. Superior Court,* 192 Cal.App.3d 1251, 1261, 238 Cal.Rptr. 119 (1987)).

Having read and considered the Motion for Good Faith Settlement Determination ("Motion") (ECF No. 193) brought by the CHP Defendants, in accordance with the

provisions of the California Code of Civil Procedure §§ 877 and 877.6(a)(2), and having considered the evidence and seeing no opposition to the Motion,

IT IS HEREBY ORDERED the settlement agreement described in the Motion was made and entered into in good faith between the parties to the agreement, within the meaning and the effect of the California Code of Civil Procedure § 877.6. All cross-claims and future claims for equitable comparative contribution, or partial or comparative indemnity in this matter against the CHP Defendants are barred.

The CHP Defendants and Plaintiff shall file a stipulation for dismissal within thirty (30) days of the filing of this order or file a joint status report as to why the stipulation has not been filed.

Dated: 10/26/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court